STATE OF NORTH CAROLINA v. FRED A. TEETER.

(Filed 7 April, 1965.)

APPEAL by the State from *Latham, S.J.,* 14 December 1964 Conflict Criminal Session of MECKLENBURG.

The defendant was charged in Bill of Indictment No. 42986 that during the year 1963 through 1964 he did unlawfully and wilfully refuse and neglect to discharge one of his official duties as a police officer of the City of Charlotte, North Carolina, said duty being to-wit: "the arrest and apprehension of Carrie Bell Williams, Cornelia Black and Mary McCoy Stinson for larceny that is Carrie Bell Williams, Cornelia Black and Mary McCoy Stinson did unlawfully and wilfully take, steal, and carry away the goods, chattels and personal property of Belk's Department Store, a corporation, of the value of less than $200.00 all to the knowledge of Fred A. Teeter and to the injury of the public and of the people of the City of Charlotte, North Carolina, all in violation of his oath and public duty," *et cetera.*

The defendant was charged in Bill of Indictment No. 42988 that he corruptly and wilfully failed and neglected to discharge one of his official duties with respect to the same matters set out in Bill No. 42986.

The defendant moved to quash these bills on the grounds set out in *S. v. Hord,* filed this day, *ante* 149. The motion was allowed as to each bill, and the State appeals, pursuant to the provisions of G.S. 15-179, and assigns error.

*Attorney General Bruton, Deputy Attorney General Harry W. Mc-Galliard, Asst. Attorney General James F. Bullock for the State, appellant.*

*Charles E. Knox for defendant appellee.*

Per Curiam.   On authority of *S. v. Hord, ante* 149, we hold that a duly appointed policeman of the City of Charlotte, North Carolina, is an officer of said City within the meaning of G.S. 14-230.

There is nothing in these bills of indictment to indicate the time of the alleged larceny from Belk's Department Store, except that sometime "during the year of our Lord one thousand nine hundred and sixty-three through 1964," the defendant failed to discharge his duty by omitting to arrest the named parties. There is nothing to indicate that any officer of Belk's Department Store caused process to be issued for the arrest of the named parties, or that any officer of Belk's Store requested the defendant to arrest these parties. Moreover, there is nothing to indicate that the alleged larceny took place in the presence of the defendant officer.

In our opinion, these bills are insufficient to meet the requirements of a valid bill of indictment as set forth in G.S. 15-153 and *S. v. Greer,* 238 N.C. 325, 77 S.E. 2d 917.

The motion to quash, allowed by the court below, will be upheld for the reasons hereinabove stated.

Affirmed.